IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANDREW BENFORD, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:12-CR-118-TWT-LTW |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:14-CV-535-TWT-LTW |

## FINAL REPORT AND RECOMMENDATION

Movant is confined at the federal prison in Welch, West Virginia. Movant, pro se, filed a motion to vacate his sentence under 28 U.S.C. § 2255. (Doc. 110 in 1:12-cr-118-TWT-LTW.)

On June 5, 2013, the Court sentenced Movant to seventy-seven months' imprisonment, three years' supervised release, and a special assessment following a jury's verdict that Movant was guilty of unlawfully possessing a firearm. (Doc. 109.) The Court denied Movant's motion for new trial the same day. (Doc. 107.) Attorneys Thomas Hawker and Sarah Klapman represented Movant at trial and sentencing.

Movant claims in his § 2255 motion that Hawker and Klapman rendered ineffective assistance because they did not file an appeal as Movant instructed them to do. (Doc. 110 at 4.) Movant avers that he "unequivocally requested an appeal to

the attornies [sic] directly after sentencing" and has not received notice that an appeal has been filed. (*Id.*) The Court's docket does not reflect the filing of an appeal. The only relief Movant seeks in his § 2255 motion is that the judgment be vacated and reimposed so he can file an appeal. (*Id.* at 12.)

A criminal defense lawyer has an affirmative duty to meaningfully consult with his client regarding an appeal and to file an appeal if the client so requests, regardless of the merits of the appeal or whether the lawyer believes the appeal has any chance of success. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."); *Thompson v. United States*, 504 F.3d 1203, 1206-07 (11th Cir. 2007). The lawyer's duties regarding appeal are strict. If a defendant instructs his lawyer to file an appeal and the lawyer does not do so, "prejudice is presumed." *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005).

Given the importance of the appeal right as discussed in *Roe* and its progeny, and in the interest of judicial efficiency, the Court should exercise its discretion to grant Movant an opportunity to appeal his judgment of conviction. *See* Order, *Buxton v. United States*, No. 1:08-cr-500-CAP (N.D. Ga. Aug. 11, 2011) (granting such relief

AO 72A
(Rev.8/82)

on § 2255 motion); Order, *Scott v. United States*, No. 1:06-cr-390-RWS (N.D. Ga. Sept. 22, 2008) (same). An evidentiary hearing likely "would prove fruitless" in this context. *See* Order, *Broughton v. United States*, No. 1:11-cr-130-AT (N.D. Ga. Aug. 8, 2012) (rejecting government's argument that the veracity of the prisoner's contention that he told his lawyer to file an appeal should be explored in an evidentiary hearing).

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(I).

*United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000).

Accordingly, the undersigned **RECOMMENDS** that Movant's motion to vacate his conviction under 28 U.S.C. § 2255 [110] be **GRANTED** for the sole purpose of reinstating his appeal rights. To effectuate that relief, the undersigned **RECOMMENDS** that the Court, pursuant to *Phillips*,

1.      **VACATE** the criminal judgment in this action;

3

2.   **REIMPOSE** the sentence of imprisonment, supervised release, and special assessment imposed by this Court on June 5, 2013, with appropriate credit for time served; and

3.   **ADVISE** Movant that: (a) he has the right to an appeal; (b) if he is unable to pay the cost of an appeal, he may apply for *in forma pauperis* status to pursue the appeal; (c) if he so requests, the Clerk of this Court will prepare and file a notice of appeal on his behalf; (d) he has the right to counsel on appeal and, if he cannot afford counsel, an attorney will be appointed to represent him; and (e) with few exceptions, any notice of appeal must be filed within fourteen days of the date the Court reimposes its sentence in this case.

**SO RECOMMENDED** this _11_ day of _March_ , 2014.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

4